## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

              Plaintiff,

v.                                     Case No. 03-20013-03-JWL

James Gaskin,

              Defendant.

### MEMORANDUM & ORDER

On June 26, 2003, James Gaskin was charged in two counts of a seven-count superseding indictment with conspiracy to possess with intent to distribute crack cocaine (Count 1) and possession with intent to distribute crack cocaine (Count 6).   On July 15, 2003, Mr. Gaskin entered a plea of guilty to Count 6.   In the plea agreement executed by Mr. Gaskin, he waived his right to appeal or collaterally attack any matter in connection with his conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255.   On November 17, 2003, Mr. Gaskin was sentenced to a 151-month term of imprisonment.   The judgment of conviction was entered on the docket on November 19, 2003.  Mr. Gaskin did not appeal.

On November 17, 2004, Mr. Gaskin filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he asked the court to vacate his current sentence and resentence him in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).   The court denied the motion in light of the waiver of rights executed by Mr. Gaskin and in light of the Tenth Circuit's decision in *United States v. Price*, 400 F.3d 844, 849 (10th Cir.

2005), in which the Circuit held that *Blakely* does not apply retroactively to initial § 2255 petitions.   Mr. Gaskin has now filed a motion to "review and reform" the judgment in his case in light of the court's "imposition of an unconstitutional sentence."   The motion is brought pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3742(a).[1]

Mr. Gaskin's motion is denied.   Section 3582(c)(2) permits the modification of a sentence if, after sentencing, the Sentencing Commission lowers the sentencing range pursuant to 28 U.S.C. § 994(o).   Mr. Gaskin, however, does not allege an amendment to the guidelines by the Sentencing Commission.   Rather, he asserts that his sentence runs afoul of *Booker* and *Blakely*.   Section 3582(c)(2), on its face, does not permit a reduction in sentence based on Supreme Court decisions that are unrelated to an actual amendment of the guidelines.   *See Hayes v. United States*, 2005 WL 1523491, at *2 (7th Cir. June 29, 2005) (section 3582(c)(2) does not authorize an inmate to file a motion to reduce a sentence based on new case law such as *Booker*; proper way to challenge a sentence in such circumstances is through section 2255); *see also United States v. Clayton*, 389465, at *2 (10th Cir. Mar. 3, 2004) ("*Apprendi*-type claims cannot be brought under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not relate to a lowering of sentence ranges.").   Mr. Gaskin's motion, then, is denied to the extent it is asserted under § 3582(c)(2).

---

[1]While the court would typically construe a motion like the one filed by Mr. Gaskin as a petition for relief under § 2255, it declines to do so in this case because Mr. Gaskin has previously asserted these arguments in a § 2255 petition (arguments which the court rejected) and Mr. Gaskin insists in his briefing that his motion is not intended to be brought pursuant to § 2255.

The court turns, then, to consider the other basis of Mr. Gaskin's motion, 18 U.S.C. § 3742(a). By its terms, § 3742(a) does not grant jurisdiction to a district court to review a final sentence. *See United States v. Burridge*, 2005 WL 591190, at *1 (10th Cir. Mar. 15, 2005) (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)). This section merely permits a defendant to file a notice of appeal in the district court for review of a final sentence. Once a notice of appeal has been filed, the district court's only role is to certify the record to the court of appeals. *Id.* (citing 18 U.S.C. § 3742(d)). The court, then, does not have jurisdiction to consider the merits of Mr. Gaskin's motion for review under § 3742(a). *See id.*; *accord United States v. Leonard*, 2005 WL 139183, at *1 (10th Cir. Jan. 24, 2005).

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Gaskin's motion to review and reform the judgment (doc. 245) is denied.

**IT IS SO ORDERED** this 7th day of September, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3