## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No. 03-20013-JWL

**James Gaskin,**

      **Defendant.**

## ORDER

On April 7, 2005, the court entered an order denying Mr. Gaskin's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Gaskin has now filed a notice of appeal. While it is not entirely clear from Mr. Gaskin's notice whether he intends to appeal the court's denial of his § 2255 motion or whether he is pursuing a direct appeal of his sentence, the court, out of an abundance of caution, considers whether it is appropriate to grant a certificate of appealability (COA) on any issues raised in Mr. Gaskin's § 2255 motion. *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition). As explained below, the court declines to grant a COA.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct.

2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).  In his § 2255 motion, Mr. Gaskin sought to have his sentence vacated in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  Recent Tenth Circuit precedent clearly establishes that he is not entitled to a COA on this issue as *Blakely* does not apply retroactively to Mr. Gaskin's motion and has no bearing on his sentence.  *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (denying motion for rehearing from panel's decision denying application for COA where habeas petition sought to vacate sentence based on *Blakely* and *Blakely* did not apply retroactively to initial § 2255 motions for collateral relief).

For the foregoing reason, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 27th day of October, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge